# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 800 | DATE | 8/8/2001 |
| CASE TITLE | Darryl Townsend vs. Donald S. Young | | |

| MOTION: | [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.] |
|---|---|

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The amended petition for writ of habeas corpus is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | AUG 0 9 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 24 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| SLB | courtroom deputy's initials | 01 AUG -8 PM 8:21 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.
DARRYL TOWNSEND,

    Petitioner,

v.

DONALD S. YOUNG,

    Respondent.

No. 01 C 0800

Judge George W. Lindberg

**MEMORANDUM OPINION AND ORDER**

Darryl Townsend, a prisoner in custody of the Illinois Department of Corrections, has filed an amended petition for federal habeas corpus relief. For the reasons set forth below, the petition is denied.

In December 1997, a jury found petitioner guilty of first-degree murder, for fatally shooting Raymond Ivester.[1] The prosecution witnesses at trial included Emma Macon, who testified that she had observed petitioner shoot Ivester, and that she had identified him in a lineup nearly eighteen months later. Macon also testified that her son, Reggie, had not seen the shooting, and (although she was impeached on cross-examination on this point) that he did not accompany her to view the lineup. Marlene Boyd testified that she had heard a shot, and then observed petitioner standing over a man who was lying on the ground. Boyd testified that she identified petitioner in a photo array a little over two years later. She admitted that she had not

---

[1] This was petitioner's second trial; his original conviction in 1993 was overturned on appeal.



identified him in an earlier lineup, but explained that this was because she had not wanted to get involved rather than because she had not recognized him. The prosecution also called Delbert Collins as a hostile witness. After Collins testified that he did not recall having identified petitioner as the shooter in the past, the prosecution introduced into evidence Collins's prior statements that did just that. Petitioner presented a witness who testified that the shooter was a man who, unlike petitioner, was tall and slender. Petitioner did not testify. On February 20, 1998, petitioner received a sentence of forty-five years in prison.

On February 23, 1998, petitioner appealed his conviction to the Illinois Appellate Court, raising the following issues: (1) that the trial court had erred in admitting statements of Delbert Collins as substantive evidence because Collins's inability to recall the statements while testifying effectively prevented cross-examination; (2) that trial counsel's failure to object to the admission of these statements constituted ineffective assistance of counsel; (3) that the trial court erred in failing to make a preliminary inquiry into petitioner's post-trial allegations of ineffective assistance of counsel; and (4) prosecutorial misconduct during closing arguments, in that the prosecution misstated evidence, bolstered the credibility of its witnesses, and pointed out petitioner's failure to testify.

On March 31, 1998, while petitioner's direct appeal was pending, he filed a petition for post-conviction relief in the Circuit Court of Cook County. He raised the following issues: (1) that he was improperly denied an evidentiary hearing to determine whether he had received ineffective assistance of counsel at trial; (2) that the trial court erred in declining to appoint new counsel to handle petitioner's ineffective assistance of counsel claim; (3) ineffective assistance of counsel at trial based on counsel's failure to present potentially exonerating testimony; (4) that he

2

did not receive a prompt preliminary hearing; and (5) that section 109-3.1(b) of the Illinois Code of Criminal Procedure[2] is unconstitutional in that it violates the Uniform Rules of Criminal Procedure, the ALI Model Code of Pre-arraignment Procedures, and the Illinois Constitution. The trial court denied the petition for post-conviction relief on May 4, 1998.

On May 28, 1998, petitioner appealed the denial of his post-conviction petition to the Illinois Appellate Court. He raised the following issue: whether the trial court had erred in summarily dismissing his post-conviction petition without appointing counsel, where the petition alleged ineffective assistance of counsel which, if true, would constitute a constitutional violation. The appellate court consolidated petitioner's direct appeal and post-conviction appeal. On March 31, 2000, the appellate court affirmed petitioner's conviction and the denial of his post-conviction petition.

Petitioner then filed for review before the Illinois Supreme Court and raised the following claims: (1) that the trial court had erred in admitting statements of Delbert Collins as substantive evidence because Collins's inability to recall the statements while testifying effectively prevented cross-examination; (2) that trial counsel's failure to object to the admission of these statements constituted ineffective assistance of counsel; (3) that the trial court erred in failing to make a preliminary inquiry into petitioner's post-trial allegations of ineffective assistance of counsel; and (4) prosecutorial misconduct during closing arguments, in that the prosecution bolstered the credibility of its witnesses and pointed out petitioner's failure to testify. Although petitioner does not label it a claim, petitioner's brief in support of his petition for leave to appeal also contains

---

[2] 725 ILCS 109-3.1(b) establishes the time limitations under which persons charged with the commission of a felony must receive a preliminary hearing or be indicted, and exceptions to those limitations.

3

the argument that the trial court erred in declining to appoint new counsel to handle petitioner's ineffective assistance of counsel claim. In addition, in the context of his argument that the trial court erred in failing to make a preliminary inquiry into petitioner's post-trial allegations of ineffective assistance of counsel, petitioner argued in his brief that his post-trial motion claimed ineffective assistance based on trial counsel's failure to call witnesses. The Illinois Supreme Court denied leave to appeal on July 5, 2000.

Petitioner then filed the instant habeas corpus petition, raising the following issues:[3] (1) ineffective assistance of counsel, based on (a) trial counsel's failure to object to the admission of Delbert Collins's prior statements as substantive evidence; (b) trial counsel's failure to present potentially exonerating testimony; (c) trial counsel's handling of the identification procedure; (2) that the trial court erred in failing to make a preliminary inquiry into petitioner's allegations of ineffective assistance of counsel raised in his post-conviction petition; (3) that petitioner's constitutional rights were violated when petitioner wrote a letter to the trial judge complaining of ineffective assistance of trial counsel; (4) that petitioner was denied a constitutional right to an evidentiary hearing on the issue of ineffective assistance of trial counsel; (5) that the trial court erred in declining to appoint new counsel to handle petitioner's ineffective assistance of counsel claim; (6) that the identification procedure was highly suggestive and/or unconstitutional; (7) prosecutorial misconduct during closing arguments, in that the prosecution bolstered the credibility of its witnesses and pointed out petitioner's failure to testify; (8) that the trial court erred in admitting Delbert Collins's prior statements as substantive evidence; (9) that the trial

---

[3] Several of the statements listed by petitioner as claims cannot be characterized as grounds for relief; they are not listed here.

court, prosecution, and defense counsel violated petitioner's constitutional rights and Brady v. Maryland by not calling witnesses; (10) that petitioner was not found guilty beyond a reasonable doubt, being afforded due process and equal protection; (11) that, having not been indicted by the grand jury, petitioner did not receive a prompt preliminary hearing, in violation of model rules and the Illinois Constitution; (12) that section 109-3.1(b) of the Illinois Code of Criminal Procedure is unconstitutional in that it violates model rules, the Illinois Constitution, and the principles of fairness established in Gerstein v. Pugh and County of Riverside v. McLaughlin; and (13) that the prosecution failed to prove that the police had probable cause to arrest petitioner, and produced evidence that was the product of the illegal arrest.

The court must evaluate this habeas petition according to 28 U.S.C. § 2254. Only claims that the petitioner is being held in state custody in violation of federal constitutional or statutory violations are appropriately raised in habeas petitions. 28 U.S.C. § 2254(a). The court may not grant relief for claims that a state court has adjudicated on their merits unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). A state appellate court's factual summary is presumed correct unless the petitioner rebuts it with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

This court thus first considers the cognizability of petitioner's claims. Petitioner's claim that he did not receive a prompt preliminary hearing, in violation of model rules and the Illinois Constitution, does not raise an issue under the United States Constitution. Therefore, this claim

5

is not cognizable in the federal courts.

Petitioner also claims at least one error, and possibly more, in the state post-conviction proceedings. First, he argues that the trial court erred in not making a preliminary inquiry into the ineffective assistance of counsel allegations in the post-conviction petition. Petitioner also argues that the trial court erred in not holding an evidentiary hearing on his ineffective assistance of counsel claim or appointing new counsel to handle the claim; petitioner fails to specify whether these alleged errors took place when petitioner filed his post-trial motion or during the post-conviction proceeding. Error in state collateral proceedings cannot form the basis for federal habeas corpus relief unless the state collateral review violates some independent constitutional right, such as equal protection. Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir.), cert. denied 519 U.S. 907 (1996). In addition, there is no constitutional right to appointed counsel in a post-conviction proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Petitioner does not claim that the post-conviction errors he alleges violate any independent constitutional right. Consequently, to the extent that petitioner alleges error in the post-conviction proceedings,[4] these claims are not cognizable in federal habeas review.

Even where a claim is cognizable in the federal courts, petitioner must overcome two procedural hurdles before a federal court can consider the merits of a petition for habeas corpus: exhaustion of state court remedies and lack of procedural default. 28 U.S.C. § 2254(b). Respondent concedes that petitioner has exhausted his state court remedies, but argues that the court should not reach the merits of a number of petitioner's constitutional claims because he has procedurally defaulted them. The doctrine of procedural default requires the constitutional

---

[4] The issue of error in the post-trial stage is dealt with below.

claims a petitioner raises in his habeas petition to have been fairly presented during the state court proceedings so that the state courts had the opportunity to address their merits. Momient-El v. DeTella, 118 F.3d 535, 538 (7th Cir.), cert. denied, 522 U.S. 984 (1997). A federal court is barred from considering constitutional issues if a petitioner did not raise them during the state proceedings in compliance with state procedural rules. Id. This bar is avoided only if the petitioner demonstrates: (1) cause for the failure to present the claim and prejudice if the claim is not heard; or (2) that a fundamental miscarriage of justice would occur against an innocent person. Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995).

Petitioner raises four claims for the first time in this habeas corpus action: ineffective assistance of counsel based on trial counsel's handling of the identification procedure; that the identification procedure was highly suggestive and/or unconstitutional; that petitioner was not found guilty beyond a reasonable doubt; and that the prosecution failed to prove that the police had probable cause to arrest petitioner, and produced evidence that was the product of the illegal arrest. These issues therefore are procedurally defaulted.

There is an additional claim that petitioner raised initially in his post-conviction petition, but failed to raise in his petition for leave to appeal to the Illinois Supreme Court: that section 109-3.1(b) of the Illinois Code of Criminal Procedure is unconstitutional in that it violates model rules, the Illinois Constitution, and the principles of fairness established in Gerstein v. Pugh and County of Riverside v. McLaughlin. A petitioner for habeas corpus review must have given "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," either in direct appeal or in post-conviction review. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); White v. Godinez, 192

7

F.3d 607, 608 (7th Cir. 1999), cert. denied, 120 S. Ct. 1004 (2000). By omitting this issue in his request for review by the Illinois Supreme Court, petitioner failed to meet his obligation to give the state courts a full opportunity to resolve the issue, and that claim also is procedurally defaulted.

This court may review petitioner's defaulted claims only if his petition shows cause for failure to raise them at the appropriate time and actual prejudice resulting from the failure. See Wainwright v. Sykes, 433 U.S. 72, 91 (1977). Without showing cause and prejudice, this court can review petitioner's claims only if refusal to consider them would result in a "fundamental miscarriage of justice" – that is, where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999), quoting Murray v. Carrier, 477 U.S. 478, 495-96 (1986). Petitioner has failed to show cause and prejudice for his defaulted claims. Nor does petitioner point to anything within the record supporting his innocence. Therefore, this court risks no fundamental miscarriage of justice by refusing to review his procedurally defaulted claims. See Howard v. O'Sullivan, 185 F.3d 721, 726 (7th Cir. 1999) (refusing to review procedurally defaulted claims does not constitute a fundamental miscarriage of justice where nothing has been brought forward to demonstrate a prisoner's wrongful conviction).

The court now turns to the merits of petitioner's remaining claims. Petitioner argues that the trial court erred in admitting Delbert Collins's prior statements as substantive evidence because Collins's memory lapses on the stand precluded effective cross-examination. During trial, Collins testified that he was in the area of the shooting when it occurred and that he knew both the petitioner and the victim. He stated that he did not remember anything about the

8

shooting. He testified that he remembered going to the police station, but that he did not recall identifying petitioner's photograph. He stated that it was possible that he did so, because his signature appeared on the back of the photograph. He stated that it was possible that he told an Assistant State's Attorney what he had seen and identified his signature on a written statement. He testified that he did not recall the substance of his testimony before the grand jury or at petitioner's first trial. The Illinois statute allowing the admission of prior statements as substantive evidence requires, in part, that the declarant must be "subject to cross-examination concerning the statement." 725 ILCS 5/115-10.1(b). Petitioner contends that Collins's memory lapses at the trial prevented him from effectively cross-examining Collins, and consequently deprived him of his rights under the Confrontation Clause.

This contention ignores Supreme Court precedent that interprets the Confrontation Clause as guaranteeing only "'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" United States v. Owens, 484 U.S. 554, 559 (1988) (quoting Delaware v. Fensterer, 474 U.S. 15, 20 (1985)). As the Seventh Circuit noted in a case presenting facts strikingly similar to those presented here, the Supreme Court's point in Owens was that the Confrontation Clause is "satisfied when the witness must look the accused in the eye in court; shortcomings in the declarant's memory may be made known to the jury." United States v. Keeter, 130 F.3d 297, 302 (7th Cir. 1997), cert. denied, Ahrens v. United States, 523 U.S. 1034 (1998). Accordingly, a prior statement by a witness may be admitted without violating a defendant's constitutional rights under the Confrontation Clause, despite the witness's amnesia on the stand. Id. The trial court's admission of Collins's prior statements did not involve an unreasonable application of clearly established

9

federal law.

Petitioner also argues that he received ineffective assistance of counsel, based on his trial attorney's failure to object to the admission of Collins's prior statements as substantive evidence, and on counsel's failure to present potentially exonerating testimony.[5] To state a valid claim of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), petitioner must establish that: (1) his counsel's performance was objectively unreasonable; and (2) but for his counsel's deficient representation, the outcome would have been different. Id. at 687-88. There is a strong presumption that a criminal defendant's counsel rendered assistance falling within an objective standard of reasonableness. Mason v. Godinez, 47 F.3d 852, 855 (7th Cir.), cert. denied, 516 U.S. 840 (1995).

As discussed above, the trial court did not err in admitting Collins's prior statements as substantive evidence, and thus trial counsel's failure to object to their admission was not objectively unreasonable. As to counsel's failure to present potentially exonerating testimony, petitioner fails to identify the witnesses he believes his attorney should have called, or the testimony he would have expected the attorney to elicit from them. "Usually, counsel's decision not to call a witness is a tactical choice not subject to review." Barnhill v. Flannigan, 42 F.3d 1074, 1078 (7th Cir. 1994). Generally, a petition for habeas corpus relief based on counsel's failure to call witnesses must present this evidence in the form of the actual testimony by the

---

[5] Petitioner makes a separate claim that the trial court, prosecution, and defense counsel violated petitioner's constitutional rights and Brady v. Maryland by not calling witnesses. Of course, neither the court nor the prosecution had any duty to present witnesses on petitioner's behalf, and Brady does not deal with the propriety of a decision not to call witnesses. See Brady v. Maryland, 373 U.S. 83 (1963). Ignoring the nonsensical portion, this claim appears to be essentially the same argument that defense counsel provided ineffective assistance by failing to present potentially exonerating testimony, so the court will consider these claims together.

witness or affidavit. United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991). Defendant's general conclusion as to these unidentified witnesses' potential testimony, without more, is speculative, and fails to support a finding of ineffective assistance. See United States v. Muehlbauer, 892 F.2d 664, 669 (7th Cir. 1990).

Even assuming that the witnesses to which petitioner refers here are the same as were the subject of petitioner's ineffective assistance of counsel argument in his post-conviction appeal, this argument still fails. In petitioner's appeal of the denial of his post-conviction petition, petitioner argued that his trial counsel was ineffective for failing to call three witnesses. There, he contended that counsel should have called Reggie Macon, a child whom he alleges witnessed the shooting and could impeach his mother's testimony identifying petitioner as the shooter. Next, he argued that counsel should have called the victim's girlfriend, Lisa Robinson, whom he alleges would have testified that she told police that prior to the shooting she had seen her boyfriend talking to a man who, unlike petitioner, was tall and slim. Finally, he argued that counsel should have called Detective Walter Perkins, whom he alleges would have testified that based on talking to Robinson and others, he looked for a tall, slim male suspect.

As to counsel's failure to call Reggie Macon, the appellate court noted that, contrary to petitioner's assertion that Reggie had been unable to identify petitioner in a lineup, the trial record had not clearly established that Reggie had even viewed a lineup. In addition, a detective testified that after he spoke to Reggie, he searched for a "male black" as the shooter. The appellate court concluded that petitioner's assertions that Reggie would have testified that petitioner was not the shooter and would have impeached Reggie's mother were based on mere speculation. As to counsel's failure to call Robinson and Perkins, the appellate court concluded

11

that, given the testimony of the three identification witnesses, petitioner failed to show that the outcome of the trial would have been different had Robinson and Perkins testified. Petitioner does not rebut the appellate court's factual summary by clear and convincing evidence. This court cannot say that the appellate court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner has failed to state a valid ineffective assistance of trial counsel claim under Strickland, and the court denies the petition for habeas corpus with respect to that claim.

Petitioner next claims that his constitutional rights were violated when he wrote a letter to the trial judge complaining of ineffective assistance of counsel; he does not specify the stage of proceedings in which he wrote the letter.[6] As this court has already dealt with this issue in the context of the post-conviction proceedings, the court will construe this claim to be a claim that the trial court erred in failing to appoint new counsel and hold a hearing on his post-trial motion. Petitioner may also be making such a claim when he contends, again without specifying in which proceeding it occurred, that the trial court erred in declining to appoint new counsel and hold an evidentiary hearing on the issue of ineffective assistance of counsel. Even allowing petitioner this latitude, however, these claims do not support granting his petition.

In an Illinois criminal proceeding, a post-trial motion for a new trial must be filed to preserve an issue for appellate review. People v. Enoch, 522 N.E.2d 1124, 1129 (Ill.), cert. denied, 488 U.S. 917 (1988). Accordingly, a post-trial motion for a new trial is a critical stage of

---

[6] Petitioner mentions in passing in his reply brief that the letter was a "pre trial motion." The court assumes that he means "post-trial," but if not, the issue is procedurally defaulted for not having been raised before.

trial during which the right to counsel applies. People v. Finley, 379 N.E.2d 645, 650 (Ill. App. Ct. 1st Dist. 1978); Johnston v. Mizell, 912 F.2d 172, 176 (7th Cir. 1990), cert. denied, 498 U.S. 1094 (1991). However, the failure to appoint new counsel to argue a post-trial ineffective assistance of counsel claim is not presumed to be prejudicial. Id. This is because Illinois law allows an ineffective assistance of counsel claim to be raised in post-conviction proceedings, and does not consider it waived for not having been raised on direct appeal. United States ex rel. Simpson v. Thomas, 1997 WL 136303 at *4 (N.D. Ill. 1997). Indeed, a pro se post-trial motion for new trial may preserve the ineffective assistance of counsel issue for direct appeal. Id.

Here, petitioner must show that he was prejudiced by the lack of representation by showing that the outcome of his motion would have been different. Johnston, 912 F.2d at 178; United States ex rel. Simpson, 1997 WL 136303 at *4. As discussed above, petitioner's ineffective assistance of counsel claim fails on its merits. In any event, petitioner's lack of representation for his post-trial motion does not prejudice him, since he preserved the issue for his direct appeal. There, he had legal representation, although petitioner's appellate counsel did not pursue the issue on direct appeal. In addition, petitioner raised the issue in his post-conviction petition. Petitioner's claim based on the trial court's failure to appoint new counsel does not support a grant of habeas corpus relief.

Nor does petitioner's claim that the trial court erred in declining to hold an evidentiary hearing on the issue of ineffective assistance of counsel state a basis for granting relief here. Before denying the post-trial motion, the trial court concluded that petitioner had received "expert representation," stating that petitioner's attorneys had met the standards expected of experienced attorneys at all stages of the proceedings. The trial court added that, in any event,

13

because the evidence against petitioner was "overwhelming," a different attorney could not have changed the outcome of the case. The court, having viewed the entire proceedings, was in the best position to determine whether additional evidence was necessary to rule on the post-trial motion. Its decision to rule on the motion without first holding an evidentiary hearing was not unreasonable.

Finally, petitioner claims that the prosecution committed misconduct during closing arguments by bolstering the credibility of its witnesses and by pointing out petitioner's failure to testify. According to petitioner's reply brief, the prosecution statements with which he takes issue apparently are the following arguments regarding the testimony of Emma Macon and Marlene Boyd:

> What does that tell you, ladies and gentlemen, that tells you that that man's face is indelibly imprinted on [Emma Macon's] mind. She will never forget that face.
>
> \*\*\*
>
> Use your common sense ladies and gentlemen. What does that tell you she could see this guy ten years from now and she is going to know what he is about.
>
> \*\*\*
>
> Marlene Boyd she picked him out fourteen months later\*\*\*what does that tell you. Again, that this man's face is imprinted on her mind. She will again, like Emma [Macon], never forget that face.

This court agrees with the appellate court's conclusion that none of these arguments was improper. These arguments simply ask the jury to draw an inference regarding the certainty of the witnesses' identifications of petitioner. See United States v. Ward, 211 F.3d 356, 365 (7th Cir. 2000), cert. denied, 121 S. Ct. 1105 (2001) ("in closing argument, a prosecutor 'may argue

14

reasonable inferences from the evidence that the jury has seen and heard.'") (quoting United States v. Waldemer, 50 F.3d 1379, 1383 (7th Cir. 1995)).

Petitioner also claims that the prosecution improperly commented on his decision not to testify. As petitioner clarifies in his reply brief, this claim attacks the prosecution's question in closing argument: "Is there any evidence in the record that [Delbert] Collins had any ax to grind with the defendant?" An indirect comment by a prosecutor may violate the fifth amendment privilege against self-incrimination if it was "manifestly intended to be or was of such character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify." United States v. Lyon, 397 F.2d 505, 509 (7th Cir.), cert. denied, 393 U.S. 846 (1968). While a prosecutor's comment on the failure of the defense to present evidence or call witnesses is improper where the defendant is the only one who could have provided that evidence, a comment on the balance of evidence is not improper where there are other witnesses who could have done so. United States v. Butler, 71 F.3d 243, 254-55 (7th Cir. 1995). Here, the prosecutor's comment asking whether there was any evidence that Collins had an ax to grind with petitioner was not an improper remark on petitioner's decision not to testify. A jury would not "naturally and necessarily" take the remark to be a comment on petitioner's decision not to testify, and there is no reason to believe that petitioner would be the only person who could have provided evidence on the issue. None of the prosecutorial arguments about which petitioner complains supports granting his petition for habeas corpus.

**ORDERED:** The amended petition for a writ of habeas corpus is denied.

ENTER:

*[signature]*
George W. Lindberg
United States District Judge

DATED: **AUG 0 8 2001**